IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jeremy R. Davis, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:10-cv-713 |
| Michael J. Astrue, | : | JUDGE GEORGE C. SMITH |
| Commissioner of | | Magistrate Judge Kemp |
| Social Security, | : | |
| Defendant. | : | |

OPINION AND ORDER

On July 6, 2011, the Court entered judgment remanding this
matter to the Commissioner for further proceedings pursuant to 42
U.S.C. §405(g), sentence four.  On August 4, 2011, plaintiff
moved for an award of attorneys' fees under the Equal Access to
Justice Act, 28 U.S.C. §2412.  For the following reasons, that
motion (Doc. 24) will be denied.

I.

The Equal Access to Justice Act, 28 U.S.C. §2412, provides,
in pertinent part, that the Court shall award to a prevailing
party other than the United States attorneys' fees and expenses
"unless the court finds that the position of the United States
was substantially justified or that special circumstances make an
award unjust."

The party seeking an award of such fees and expenses is
required to submit a fee application to the court within 30 days
of the date that the judgment became final and non-appealable.
The application must demonstrate that the party is a prevailing
party and is eligible to receive a fee award.  It must also
document the amount sought, including an itemized statement from
the attorney or attorneys involved, and must allege that the
position of the United States was not substantially justified.

The court is then required to determine, on the basis of the record, whether the position of the United States was substantially justified.  Attorneys' fees are limited to the rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Once a petition has been filed alleging that the position of the United States was not substantially justified, the United States has the burden of demonstrating such justification.  See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified."); see also Howard v. Heckler, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984).  The question of whether the United States' position is substantially justified is determined based upon the standards set forth in Pierce v. Underwood, 487 U.S. 552 (1988). In Pierce, the Court concluded that the phrase "substantially justified" as used in the EAJA means justified "to a degree that could satisfy a reasonable person."  Pierce, supra, at 565.  As the Court noted, that test "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue."  Id., citing, inter alia, Trident Marine Construction, Inc. v. District Engineer, 766 F.2d 974 (6th Cir. 1985). An agency decision that is not supported by substantial evidence may still be one that has a reasonable basis in law and fact.  Jankovich v. Bowen, 868 F.2d 867 (6th Cir. 1989).  Consequently, this Court is required to apply the

-2-

"reasonable basis in law and fact" test set forth in <u>Trident Marine Construction</u> to this application for attorneys' fees.

## II.

In his motion, plaintiff offers no argument as to why the Commissioner's position was not substantially justified. He does state that once the Commissioner files an opposing memorandum, he will "fully brief in a reply any argument the Commissioner offers regarding the issue of substantial justification." Plaintiff's motion, Doc. 25, at 2-3. He also indicates he will supplement his fee petition with the time spent in doing so.

The Commissioner filed a memorandum in opposition on August 17, 2011. Under Rule 7.2(a)(2), any reply was due within fourteen days after the opposing memorandum was filed, which, in this case, meant that a reply was due no later than September 6, 2011 (the fourteenth day after the Commissioner filed his memorandum was August 31, 2011, and if three days are added under Fed.R.Civ.P. 6(d), the filing date became September 3, 2011, which was a Saturday, so that the reply was due the next business day, or Tuesday, September 6, 2011, the preceding day being a federal holiday). Petitioner has filed no reply within that time frame, or any time frame. Thus, the only argument before the Court on the issue of substantial justification is the Commissioner's.

## III.

The basis on which the Court ordered a remand is found in the Report and Recommendation filed on May 25, 2011, to which no objections were filed. There, the Magistrate Judge concluded that the ALJ's discussion of the issue of mild mental retardation was inadequate and that further proceedings needed to be held so that the requirements of Section 12.05(C) of the Listing of

-3-

Impairments could be reviewed in light of the evidence of plaintiff's valid IQ test scores which suggested he might satisfy that section of the Listing.

In arguing against an award of fees under the EAJA, the Commissioner contends that there was a reasonable basis for defending the ALJ's determination that, at most, plaintiff suffered from borderline intellectual functioning and not mild mental retardation.  Although the Magistrate Judge did not find these arguments persuasive, that, alone, does not mean that a reasonable person could not have made them.  The ALJ did have before her determinations by state agency reviewers that plaintiff did not suffer from mental retardation, and she took into account the fact that he received "satisfactory" grades in school and expressed a desire to obtain both a GED and a college degree.  While the Court ultimately decided that the state agency reviewers' opinions did not form a solid basis for the ALJ's decision because those reviewers did not have the benefit of later IQ testing, nor information that plaintiff was in special education classes, it was not unreasonable for the Commissioner to argue that those opinions, along with other evidence, could be viewed as substantial support for the ALJ's decision.  Especially in the absence of any contrary argument from the plaintiff, the Court does not find the Commissioner's position to be so unreasonable or unjustified as to meet the EAJA standard for an award of fees.

III.

For these reasons, the plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (Doc. 24) is **DENIED.**

**IT IS SO ORDERED.**

-4-

/s/ George C. Smith
George C. Smith
United States District Judge